FILED

2026 May-04  PM 12:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DANIEL POSEY, III,** ] | |
| ] | |
| **Movant,** ] | |
| ] | |
| **v.** ] | **Case No.: 2:25-cv-8013-ACA** |
| ] | |
| **UNITED STATES OF AMERICA,** ] | |
| ] | |
| **Respondent.** ] | |

## <u>MEMORANDUM OPINION AND ORDER</u>

In Movant Daniel Posey, III's second amended 28 U.S.C. § 2255 motion to vacate sentence, he asserts three claims: (1) his sentence is invalid because the court failed to specify whether his federal sentence should run concurrently with or consecutive to several anticipated state sentences; (2) ineffective assistance of counsel for failing to assist him in ensuring that his federal sentence would run concurrently with his state sentences; and (3) the court had a conflict of interest. (Doc. 22 at 5–9; *see* doc. 26). After the government filed its response (doc. 27), and Mr. Posey replied (doc. 28), Mr. Posey filed three motions to supplement his reply to the government's response (docs. 30, 32, 35), as well as several other documents (docs. 31, 33, 34). The court has carefully reviewed all of Mr. Posey's post-reply filings, but none add any additional facts or evidence beyond those already included in his operative § 2255 motion and reply. (*Compare* docs. 22, 28, *with* docs. 30–35).

Accordingly, the court **DENIES** the motions to supplement the reply. The court **WILL DENY** the § 2255 motion as meritless.

## I.    BACKGROUND

On May 21, 2020, a confidential source arranged a controlled buy of heroin from Mr. Posey. *United States v. Posey*, No. 20-235, doc. 61 ¶¶ 7–8 (N.D. Ala. Apr. 14, 2021);[1] (*Posey* doc. 63 at 1 (adopting the presentence investigation report without change)). When Mr. Posey entered the confidential source's car, officers arrested Mr. Posey, who threw a gun into the back seat of the car. (*Posey* doc. 61 ¶ 9). Officers soon found two more guns in the car in which Mr. Posey had arrived. (*Id.* ¶¶ 8, 12). They did not, however, find any heroin, either on Mr. Posey or in the car in which he arrived. (*Id.* ¶ 14).

In July 2020, a grand jury indicted Mr. Posey and a codefendant for being felons in possession of three firearms, in violation of 18 U.S.C. § 922(g)(1). (*Posey* doc. 1). Mr. Posey pleaded guilty. (*Posey* doc. 30 at 16).

At the time of Mr. Posey's sentence hearing, he had ten cases pending in state court and an outstanding warrant for another offense. (*Posey* doc. 61 ¶¶ 49–59). Mr. Posey asserts that six of those cases are relevant to this § 2255 motion.[2] (*See*

---

[1] The court cites documents from Mr. Posey's criminal proceeding as "*Posey* doc. __."

[2] Mr. Posey repeatedly identifies a seventh pending case as relevant (*see, e.g.*, doc. 28 at 2, doc. 31 at 1), but that case had already been *nol prossed* by the time of the federal sentence hearing (*see Posey* doc. 61 ¶ 48).

doc. 28 at 2). The first was CC16-1168, which charged Mr. Posey with attempted murder for shooting someone in December 2015. (*Posey* doc. 61 ¶ 49). The second was CC18-619, which charged Mr. Posey with possessing a controlled substance in November 2016. (*Id.* ¶ 50). The third was DC19-2836, which charged Mr. Posey with possessing a controlled substance in September 2019. (*Id.* ¶ 55).

The fourth was DC20-2079, which involved a charge of assault, alleging that Mr. Posey shot "I.T." on May 20, 2020—one day before the conduct at issue in this case. (*Id.* ¶ 56). The fifth was DC20-1681, which charged Mr. Posey with conspiracy to distribute a controlled substance arising from the agreement to sell the confidential source heroin. (*Posey* doc. 61 ¶ 57). The sixth was DC20-1683, which charged Mr. Posey with attempt to commit a controlled substance crime for trying to sell heroin to the confidential source. (*Id.* ¶ 58).

The presentence investigation report recommended enhancing Mr. Posey's offense level on the basis that he had possessed the firearm either in connection with a controlled substance offense or, alternatively, with the intent to use it in connection with a robbery of the confidential source. (*Posey* doc. 61 ¶ 23). Mr. Posey objected to that enhancement. (*Posey* doc. 27 at 2). At the sentence hearing, the government called Bessemer Police Department's Officer Charles White, who was involved in the controlled buy, to support application of the enhancement. (*Posey* doc. 70 at 10–

3

11). Officer White testified that the day before the controlled buy, Mr. Posey shot and injured known heroin dealer Isiah Thomas. (*Id.* at 12–15).

Months before this shooting, Mr. Thomas had been charged with several offenses related to a massive drug conspiracy that involved heroin, among other substances. *See United States v. Williamson*, No. 19-cr-466, doc. 19 at 3–8, 20 (N.D. Ala. Oct. 29, 2019). The undersigned presided over the *Williamson* case. The court had released Mr. Thomas on bond before Mr. Posey shot him. *Id.*, doc. 52 (N.D. Ala. Nov. 13, 2019). Mr. Thomas ultimately pleaded guilty and testified on the government's behalf in *Williamson*. *Id.*, minute entry (N.D. Ala. Mar. 30, 2021); *id.*, doc. 767 at 106–200.

The court sentenced Mr. Posey to sixty months' imprisonment, to run concurrent with the judgment in two of his pending state court cases (DC20-1681 and DC20-1683, the two cases in which Mr. Posey was charged with state controlled substance offenses arising from the same controlled buy operation). (*Posey* doc. 70 at 69; *see Posey* doc. 61 ¶¶ 57–58). The judgment reflected that sentence and did not speak to any of the other pending state charges. (*Posey* doc. 62 at 2). Mr. Posey appealed the calculation of his sentence, and the Eleventh Circuit affirmed. (*Posey* doc. 74-1).

In May 2024, Mr. Posey pleaded guilty to a lesser assault charge in the state case involving the shooting of Mr. Thomas. *See State v. Posey*, No. DC-2020-2079,

doc. 40 (Jefferson Cnty. Dist. Ct. May 22, 2024). The state court sentenced him to 365 days' imprisonment, to run concurrently with "all cases including Federal cases." *Id.*

## II.    DISCUSSION

Mr. Posey makes three claims in his § 2255 motion: (1) that the sentence is invalid because the court did not specify whether it should run concurrently with or consecutive to a number of the pending state cases; (2) that trial counsel was ineffective; and (3) that the undersigned presiding over Mr. Thomas's case at the same time as Mr. Posey's created a conflict of interest. (Doc. 22 at 5–8). The government asks that this court construe this motion as a 28 U.S.C. § 2241 petition challenging the execution of Mr. Posey's sentence and dismiss it for lack of subject matter jurisdiction or alternatively, deny it as meritless. (Doc. 27 at 1, 4–10). The government also asks that the court enjoin Mr. Posey from filing any more habeas petitions or motions with first seeking the court's leave. (*Id.* at 11).

### 1. Jurisdiction

The government contends that this court lacks jurisdiction over Mr. Posey's motion because it is, in fact, challenging the Bureau of Prison's calculation of his sentence. (Doc. 27 at 1, 6–7).

A challenge to the calculation of a sentence is cognizable only in a petition brought under 28 U.S.C. § 2241, which must be filed in the district where the

petitioner is incarcerated. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1089 (11th Cir. 2017) ("A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence."); *see Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). The court disagrees with the government that Mr. Posey is challenging the execution of his sentence. Mr. Posey contends that his sentence is invalid because the court did not specify how it should run with respect to his pending state cases, his trial attorney provided ineffective assistance, and the court had a conflict of interest. (*See* doc. 22 at 5–8). Those are challenges to the imposition of the sentence, not its execution. *See McCarthan*, 851 F.3d at 1089. The court therefore **DENIES** the request to recharacterize Mr. Posey's pleading as a § 2241 petition and dismiss it for lack of subject matter jurisdiction.

### 2. Claim One

In Claim One, Mr. Posey asserts that his sentence is invalid because the court's judgment addressed only two of his state cases, despite the court knowing that he had other state cases pending. (Doc. 22 at 5; *see also* doc. 28 at 1–3).

18 U.S.C. § 3584 provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run

6

concurrently." 18 U.S.C. § 3584(a). "Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings," or that the court anticipates a state court will impose. *Setser v. United States*, 566 U.S. 231, 236 (2012). But the court is not required to make any determination about whether a sentence must be concurrent with or consecutive to an anticipated state sentence. *See id.* at 242 n.6 ("[A] district court should exercise the power to impose anticipatory consecutive (or concurrent) sentences intelligently. In some situations, a district court may have inadequate information and may forbear, but in other situations, that will not be the case."). Because nothing required the court to specify whether Mr. Posey's federal sentence should run concurrently with or consecutive to his anticipated state sentences, the court's silence about some of his state cases does not render his sentence invalid.

Construed liberally, Mr. Posey argues that the court erred by failing to follow the United States Sentencing Guidelines ("U.S.S.G") for running a federal sentence concurrently with undischarged or anticipated state sentences. U.S.S.G. § 5G1.3 (2018); (*see* doc. 28 at 4, 7). That claim is not cognizable. District courts lack the authority to review alleged sentencing errors "unless the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice."

*Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (alteration accepted; quotation marks omitted). A lawful sentence does not result in a complete miscarriage of justice. *See id.* And as explained above, Mr. Posey's sentence was lawful. In any event, § 5G1.3 was not applicable because the anticipated state sentences about which the court was silent were not relevant conduct, as required by that guideline. *See* U.S.S.G. § 5G1.3(c)–(d). *See infra* at 9.

The court therefore **WILL DENY** Mr. Posey's claim that the court's silence about whether to run his sentence concurrently with or consecutive to his pending state sentences invalidates the sentence.

### 3. Claim Two

In Claim Two, Mr. Posey asserts that his trial counsel was ineffective for failing to assist him in obtaining a sentence that would run concurrently with his pending state sentences. (Doc. 22 at 6). Construed liberally, he argues that counsel should have drawn the court's attention to § 5G1.3(a) or (b). (*Id.*; doc. 28 at 4–5, 7).

To prevail on a claim of ineffective assistance of counsel, Mr. Posey must demonstrate both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice because of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, the movant "must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quotation marks omitted). To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Mr. Posey cannot demonstrate deficient performance or prejudice. Section 5G1.3(a) applies when the defendant committed the federal offense while serving another term of imprisonment or before serving a sentence another court has imposed but that the defendant has not completed. Section 5G1.3(b) applies when the defendant is already serving a term of imprisonment for another offense that constitutes relevant conduct. Neither § 5G1.3(a) nor (b) applied to Mr. Posey. He was not serving another sentence, nor had he been sentenced to an undischarged term of imprisonment, when he committed this offense or when this court imposed the federal sentence. (*See Posey* doc. 61 ¶¶ 38–40, 49–59). Finally, although Mr. Posey does not address § 5G1.3(c), the court notes that it also does not apply because the conduct underlying Mr. Posey's state case for assault did not constitute "relevant conduct" as defined by § 1B1.3(a)(1)–(3): Mr. Posey's shooting of Mr. Thomas did not occur during the controlled buy or in an attempt to avoid detection or responsibility, and Mr. Posey has offered no facts to show that he did it in preparation for the controlled buy. (*See* doc. 22 at 6; doc. 28 at 4–5, 7).

"Failing to make a meritless objection does not constitute deficient performance." *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015). Nor could a meritless objection have any possibility of changing the outcome of the proceeding. *See Strickland*, 466 U.S. at 694. Accordingly, counsel neither performed deficiently nor prejudiced Mr. Posey's case by failing to object on § 5G1.3 grounds. The court **WILL DENY** Claim Two.

### 4. Claim Three

In Claim Three, Mr. Posey asserts that the undersigned presiding over his case at the same time as Mr. Thomas's criminal case constituted a conflict of interest. (Doc. 22 at 8; *see also* doc. 28 at 5–7). The government contends that this claim is procedurally defaulted and fails on the merits. (Doc. 27 at 8–10). Because this claim fails on the merits, the court will not address the procedural default.

28 U.S.C. § 455 sets out when a judge must recuse from a case. Section 455(a) requires recusal "in any proceeding in which [the judge's] impartiality might reasonably be questioned." Section 455(b)(1) requires recusal when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." But "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make

10

fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Mr. Posey has not pointed to any facts suggesting that the undersigned was biased against him. (*See* doc. 22 at 8; doc. 28 at 5–6). The court therefore **WILL DENY** Claim Three.

### 5.  Motion to Enjoin Mr. Posey from Further Filings

The government asks this court to enjoin Mr. Posey from filing new § 2241 petitions or § 2255 motions without first obtaining leave of the court. (Doc. 27 at 11). It offers no argument or authority in support of its request. (*See id.*). Accordingly, the court **DENIES** the request.

## III.  CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This

court finds that Mr. Posey has not satisfied either standard. The court **WILL DENY** a certificate of appealability.

## IV.   CONCLUSION

The court **DENIES** Mr. Posey's motions to supplement the reply and the government's motion to bar Mr. Posey from further filings.

The court **WILL DENY** Mr. Posey's § 2255 motion.

The court will enter a separate final order.

**DONE** and **ORDERED** this May 4, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE